IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02182-MSK-KLM

COLORADO CASUALTY INSURANCE COMPANY,

      Plaintiff,

v.

S&S JOINT VENTURE,
WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, LLC,

      Defendants.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

      Interested Party.

_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

      This matter is before the Court on Fidelity and Deposit Company of Maryland's

("F&D") **Motion to Intervene as a Party Defendant Pursuant to F.R.C.P. 24** [Docket No.

11; Filed October 25, 2011] (the "Motion").  At the time the Motion was filed, Plaintiff took

no position on the Motion; Defendants White River Village, LLP, and White River

Townhomes, LLC (collectively, "White River"), were unresponsive to communications from

F&D regarding the Motion; and counsel for Defendant S&S Joint Venture ("S&S"), which

had not yet entered an appearance in the matter, was unopposed to the Motion.  *See*

*Motion* [#11] at 1-2; *see also Notice of Erratum* [#14] at 1 (clarifying the status of the

representation of Defendant S&S).  No party has filed a Response to F&D's Motion.  The

Court has reviewed the Motion and the applicable case law and is fully advised in the premises.  For the reasons stated below, the Court **GRANTS** F&D's Motion to Intervene.

### Background

On August 22, 2011, Plaintiff filed this lawsuit against Defendants S&S and White River.  *See Complaint* [#1] at 1.  According to Plaintiff, the primary controversy is between it and Defendant S&S, the general contractor for the construction of White River Village (the "Project") in Rifle, Colorado, regarding the coverage afforded under the insurance policies issued on the Project.  *See id.* at 2.  The White River Defendants are named as "interested parties" pursuant to Fed. R. Civ. P. 57.  *See id.*

Defendant S&S was terminated from the Project on March 15, 2006, due to construction deficiencies.  *See id.* at 2-3.  On July 12, 2006, F&D, as the surety for Defendant S&S, agreed to assume responsibility for the completion of the Project.  *See id.* at 3.  In response to the alleged defects in the Project, the White River Defendants later filed lawsuits against F&D (the "Underlying Litigation"), because it had issued performance bonds to Defendant S&S.  *See id.*  F&D also filed a Third Party Complaint against Defendant S&S in the Underlying Litigation.  *See id.*

The only claim in the present litigation is for declaratory relief by Plaintiff, which had also issued multiple insurance policies to Defendant S&S in connection with the Project.  *See id.* at 4.  Plaintiff seeks a declaration by the Court that: (1) "Plaintiff has no obligation to indemnify [Defendant S&S] with respect to the allegations made against [Defendant S&S] in the Underlying Litigation;" (2) "the Policies afford no coverage to [Defendant S&S] for any damage to the work of [Defendant S&S] or the work of [Defendant S&S's]

subcontractors;" (3) "the Policies afford no coverage to [Defendant S&S] for any contractual liability as set forth in Exclusion 2.b;" and (4) "the Policies afford no coverage to [Defendant S&S] for any alleged 'property damage' or 'bodily injury' that was not caused by an 'occurrence.'" *Id.* at 9.  F&D now seeks leave to intervene in this declaratory judgment action, based on its asserted right "to recovery from [Plaintiff] on the policies at issue herein."  *See Motion* [#11] at 4.

## Legal Standard

Pursuant to Fed. R. Civ. P. 24(a)(2), "[o]n timely motion, the court must permit anyone to intervene who . . . claims an interest relating to the property or transaction that is the subject of the action, and is so situated that disposing of the action may as a practical matter impair or impede the movant's ability to protect its interest, unless existing parties adequately represent that interest."  The Tenth Circuit Court of Appeals has interpreted Rule 24(a)(2) to contain four discrete elements that must be met by the movant: 1) the motion must be timely; 2) the movant must claim an interest related to the property or transaction which is the subject of the action; 3) the movant's interest may be impaired or impeded if intervention is not permitted; and 4) the existing parties must not adequately represent the movant's interest.  *Elliott Indus. Ltd. P'ship v. BP Am. Prod. Co.*, 407 F.3d 1091, 1103 (10th Cir. 2005).  "The Tenth Circuit generally follows a liberal view in allowing intervention under Rule 24(a)."  *Id.*

## Analysis

### I. Timeliness

Whether a motion pursuant to Rule 24(a) is timely filed falls within the Court's discretion.  *Capitol Indem. Corp. v. Heckel*, No. 11-cv-00340-CMA-CBS, 2011 WL

2883467, at *2 (D. Colo. July 15, 2011) (citing *Sanguine, Ltd. v. U.S. Dep't of the Interior*, 736 F.2d 1416, 1418 (10th Cir. 1984)).  The Court looks to "all of the circumstances, especially (1) the length of time since the movant knew of its interests in the case; (2) prejudice to the existing parties; and (3) prejudice to the movant."  *Id.* (internal quotation omitted).

The timeliness of F&D's Motion is not disputed.[1]  This case commenced on August 22, 2011, and F&D filed its Motion only two months later.  The Court finds that the Motion is timely filed.

## II.  Movant's Interest in the Subject Transaction

The Court next considers whether F&D has an "interest" in the case.  The interest test under Rule 24(a)(2) is "primarily a practical guide to disposing of lawsuits by involving as many apparently concerned persons as is compatible with efficiency and due process." *Utah Assn. of Counties v. Clinton*, 255 F.3d 1246, 1251-52 (10th Cir. 2001).  F&D's interest must be "'direct, substantial, and legally protectable.'"  *City of Stilwell v. Ozarks Rural Elec. Coop. Corp.*, 79 F.3d 1038, 1042 (10th Cir. 1996) (quoting *Alameda Water & Sanitation Dist. v. Browner*, 93 F.3d 88, 90 (10th Cir. 1993)).

The Tenth Circuit has advised that "the interest requirement is not a mechanical rule. It requires courts to exercise judgment based on the specific circumstances of the case." *United States v.  Albert Inv. Co., Inc.*, 585 F.3d 1386, 1392 (10th Cir. 2009) (citing *San*

---

[1] Additionally, there is no argument against F&D's standing to intervene.  Nevertheless, the Court finds that F&D has standing to intervene as a defendant alongside Defendant S&S.  *See San Juan Cnty. v. United States*, 503 F.3d 1163, 1172 (10th Cir. 2007) ("parties seeking to intervene under Rule 24(a) or (b) need not establish Article III standing so long as another party with constitutional standing on the same side as the intervenor remains in the case") (internal quotations and citation omitted).

*Juan Cnty.*, 503 F.3d at 1199) (internal quotations omitted). "At minimum, the applicant must have an interest that could be adversely affected by the litigation." *Id.* "The threat of economic injury from the outcome of litigation undoubtedly gives a petitioner the requisite interest." *Id.* at 1393 (citing *WildEarth Guardians v. U.S. Forest Serv.*, 573 F.3d 992, 996 (10th Cir. 2009)).

Here, F&D contends that it is entitled to recovery from Plaintiff on the policies at issue based on four separate theories of liability.[2] *Motion* [#11] at 4. Should the Court determine that Plaintiff is obligated to indemnify Defendant S&S or that the policies afford some coverage for the damages at issue in the Underlying Litigation, then, pursuant to the Complaint [#1] in conjunction with F&D's representations, F&D could recover from Plaintiff. This clearly constitutes the requisite economic interest.

F&D's interest is contingent upon the outcome of this litigation, and the potential for economic injury is thus more than speculative, considering the insurance contract-based nature of the lawsuit. In light of the above-stated jurisprudence, the Court finds that the threat of economic injury against F&D resulting from a potential decision adverse to Defendants in this case states the requisite interest pursuant to Rule 24(a)(2).

### III. Possible Impairment of Movant's Interest

"To satisfy the impairment element of the intervention test, a would-be intervenor

---

[2] The four theories of recovery asserted by F&D are: (1) Defendant "S&S's rights against [Plaintiff] have been contractually assigned to F&D;" (2) Defendant "S&S's rights against [Plaintiff] are owned by F&D pursuant to the doctrine of equitable subrogation;" (3) "any rights [the] White River [Defendants] may have against [Plaintiff] are also owned by F&D by virtue of its performance and the doctrine of equitable subrogation;" and (4) Defendant "S&S is liable to F&D for, *inter alia*, the damages covered by [Plaintiff's] policies, including those incurred as a result of [Defendant] S&S's liability for covered property damage, and [Defendant] S&S's liability to F&D under its contract of indemnity." *Motion* [#11] at 4-5.

must show only that impairment of its substantial legal interest is possible if intervention is denied.  This burden is minimal." *WildEarth Guardians*, 573 F.3d at 995 (quoting *Utah Ass'n of Counties*, 255 F.3d at1253 (10th Cir. 2001)).

The Court is not limited to consequences of a strictly legal nature and thus may consider impairment as a practical matter.  *See Utah Ass'n of Counties*, 225 F.3d at 1253. Although F&D could commence a separate suit for subrogation once this matter has concluded, if necessary, this proposition is contrary to the purpose of Rule 24(a)(2).  As explained in *San Juan County*, "the factors mentioned in the Rule are intended to capture the circumstances in which the practical effect on the prospective intervenor justifies its participation in the litigation.  Those factors are not rigid, technical requirements." 503 F.3d at 1195.  The practical effect here of granting leave to intervene would allow F&D to preserve its right to defend its economic interest related to the underlying state court lawsuit in the immediate action, rather than duplicating proceedings by forcing the future initiation of a subrogation suit.  "[W]here a proposed intervenor's interest will be prejudiced if it does not participate in the main action, the mere availability of alternative forums is not sufficient to justify denial of a motion to intervene."  *Utah Ass'n of Counties*, 225 F.3d at 1254 (quoting *Commodity Futures Trading Comm'n v. Heritage Capital Advisory Serv.*, 736 F.2d 384, 387 (7th Cir. 1984)).  Thus, the Court finds that F&D has met the "minimal" showing required for demonstrating that its interests may be impaired or impeded by the disposition of this lawsuit.

## IV.  Adequate Representation of Movant's Interest

"Even if an applicant satisfies the other requirements of Rule 24(a)(2), it is not entitled to intervene if its 'interest is adequately represented by existing parties.'" *San Juan*

*Cnty.*, 503 F.3d at 1203 (quoting Fed. R. Civ. P. 24(a)(2)).  However, consistent with the liberal standards explained herein regarding the first three factors prescribed by Rule 24(a)(2), the burden of showing that the representation by existing parties may be inadequate is minimal.  *Utah Ass'n of Counties*, 225 F.3d at 1254 (citing *Sanguine*, 736 F.3d at 1419)).  "The possibility that the interests of the applicant and the parties may diverge need not be great in order to satisfy this minimal burden."  *Id.* (quoting *Natural Res. Def. Council v. United States Nuclear Regulatory Comm'n*, 578 F.2d 1341, 1346 (10th Cir. 1978)) (internal quotation omitted).  The general presumption is that "representation is adequate when the objective of the applicant for intervention is identical to that of one of the parties."  *Id.* at 1204 (citation and internal quotations omitted).  This presumption is rebutted by merely a "*possibility* of inadequate representation."  *WildEarth Guardians*, 573 F.3d at 996 (citing *Utah Ass'n of Counties*, 225 F.3d at 1254) (emphasis in original).

F&D asserts that Defendant S&S is "completely defunct," and thus that Defendant S&S's "interest in seeing F&D made whole is in no way substantial, and may not in fact exist at all . . . . [T]here is no way to guarantee [Defendant] S&S will even show-up to defend against this action, let alone defend F&D's interests."[3] *Motion* [#11] at 16.  Further, F&D asserts that the potential for a settlement to occur between Plaintiff and Defendant S&S means that Defendant S&S "could receive payment for these claims without consideration as to F&D's claims or obligation to relinquish the proceeds from such a payment to F&D."  *Id.*

Recognizing the minimal burden necessary to show inadequate representation, the

---

[3] Since the filing of this Motion, Defendant S&S has filed an Answer [#19] to the Complaint.

Court finds that F&D has sufficiently demonstrated the possibility that the named Defendants will not adequately represent its interests.  Thus, this fourth and final factor weighs in favor of granting leave to intervene.

Accordingly, the Court finds that F&D satisfies the four requisite factors articulated by Rule 24(a)(2).  F&D is therefore entitled to intervene as a defendant in this lawsuit, as a matter of right.

## V.  Subject Matter Jurisdiction

Even though F&D may intervene as a matter of right pursuant to Rule 24(a)(2), the Court must satisfy itself of subject matter jurisdiction at all stages of litigation.  *See* Fed. R. Civ. P. 12(h)(3); *see also Shaw v. AAA Engineering & Drafting Inc.*, 138 F. App'x 62, 67 (10th Cir. 2005) (citation omitted) ("[I]t has long been recognized that a federal court must, sua sponte, satisfy itself of its power to adjudicate in every case and at every stage of the proceeding.").  The Court may exercise subject matter jurisdiction over this lawsuit pursuant to 28 U.S.C. § 1332.  Section 1332 governs diversity jurisdiction.  Section 1332 requires an amount in controversy exceeding $75,000, and that the matter be a "controversy between citizens of different states, all of whom on one side of the controversy are citizens of different states from all parties on the other side."  *City of Indianapolis v. Chase Nat'l Bank of City of New York*, 314 U.S. 63, 69 (1941) (citation omitted).

According to the Complaint, Plaintiff is a New Hampshire corporation with its principal place of business in Boston, Massachusetts.  *See Complaint* [#1] at 1. Additionally, Plaintiff attests that "the amount in controversy exceeds the sum of $75,000, exclusive of interest and costs."  *Id.* at 2.  In its Motion, F&D fails to state where it is incorporated or where its principal place of business is.  However, the plain language of 28

U.S.C. § 1367 "permits intervention as a defendant without destroying subject matter jurisdiction." *Id.*

"[T]he jurisdiction of the Court depends upon the state of things at the time of the action brought, and ... after vesting, it cannot be ousted by subsequent events." *Price v. Wolford*, 608 F.3d 698, 702 (10th Cir. 2010) (citation omitted). "Once a district court has jurisdiction, additional claims and parties can be added under the supplemental-jurisdiction statute, 28 U.S.C. § 1367(a), which grants the district courts jurisdiction 'over all other claims that are so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.'" *Id.* (quoting 28 U.S.C. § 1367(a)). The Court has no question as to its subject matter jurisdiction over the Complaint pursuant to 28 U.S.C. § 1332, nor as to whether F&D's defense arises from the same facts as the present declaratory judgment action or the underlying state court lawsuit.

Section 1367(a) prescribes that "supplemental jurisdiction shall include claims that involve the joinder or intervention of additional parties." Section 1367(b) articulates exceptions to the exercise of supplemental jurisdiction over the following categories: 1) "claims by plaintiffs against persons made parties under Rule 14, 19, 20, or 24 . . ."; 2) "claims by persons proposed to be joined as plaintiffs under Rule 19 . . ."; or 3) persons "seeking to intervene as plaintiffs under Rule 24 . . . ." None of these exceptions are present here. F&D intervenes as a defendant, not a plaintiff, and Plaintiff asserted no claims against F&D in the original Complaint. *See Price*, 608 F.3d at 703-04. Accordingly, the Court is satisfied that it may exercise subject matter jurisdiction over this case, inclusive of F&D as an Intervenor-Defendant, pursuant to 28 U.S.C. § 1367(a) and (b).

### Conclusion

IT IS HEREBY **ORDERED** that F&D's Motion to Intervene [#11] is **GRANTED**.

IT IS FURTHER **ORDERED** that the Clerk of Court is directed to add "Fidelity and Deposit Company of Maryland" as a Defendant in this matter.

IT IS FURTHER **ORDERED** that F&D must file an answer or other response to the Complaint [#1] no later than **January 6, 2012**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for December 14, 2011 at 10:30 a.m. is **VACATED** and **RESET** to **February 13, 2012 at 11:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures.  The parties shall submit the proposed scheduling order no later than **February 8, 2012**.


Dated:  December 6, 2011


BY THE COURT:


Kristen L.  Mix
United States Magistrate Judge