IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 11-cv-02182-MSK-KLM

COLORADO CASUALTY INSURANCE COMPANY,

    Plaintiff,

v.

S&S JOINT VENTURE,
WHITE RIVER VILLAGE, LLP, and
WHITE RIVER TOWNHOMES, LLC,

    Defendants.

FIDELITY AND DEPOSIT COMPANY OF MARYLAND,

    Interested Party.
_____

**ORDER**
_____

**ENTERED BY MAGISTRATE JUDGE KRISTEN L. MIX**

    This matter is before the Court on Defendants White River Village, LLP and White River Townhomes, LLC's (collective, "White River") **Motion to Set Aside Clerk's Entry of Default Against White River Village, LLP and White River Townhomes, LLC and for Extension of Time to Answer Crossclaims** [Docket No. 31; Filed February 6, 2012] (the "Motion").

    On January 6, 2012, Intervenor Defendant Fidelity and Deposit Company of Maryland ("F&D") filed crossclaims against the White River Defendants. *See Answer* [#22] at 6. Counsel for the White River Defendants states that, at that time, he "was attending to his wife who was hospitalized and recovering from an emergency C-section and

-1-

hysterectomy after giving birth to premature twins on January 3, 2012." *Motion* [#31] at 2. He states that, as a result, the deadline for responding to the crossclaims was not placed on his calendar as would normally occur. *See id.* On January 27, 2012, the deadline for the White River Defendants to file an answer to the crossclaims passed. On February 1, 2012, Defendant F&D moved for Entry of Default [#25]. The White River Defendants contend that Defendant F&D failed to confer pursuant to D.C.COLO.LCivR 7.1A before filing the Motion for Entry of Default. *See Motion* [#31] at 2-3. On February 3, 2012, the Clerk of Court entered default against the White River Defendants pursuant to Fed. R. Civ. P. 55(a). *See Entry of Default* [#28]. On February 6, 2012, the White River Defendants filed this Motion, requesting that the Court set aside the entry of default.

Pursuant to Fed. R. Civ. P. 55(c), the Court may, for good cause shown, set aside an entry of default. "[T]he good cause required by Fed. R. Civ. P. 55(c) for setting aside entry of default poses a lesser standard for the defaulting party than the excusable neglect which must be shown for relief from judgment under Fed. R. Civ. P. 60(b)." *Dennis Garberg & Assocs., Inc. v. Pack-Tech Int'l Corp.*, 115 F.3d 767, 775 n.6 (10th Cir. 1997). In determining whether the defaulting party has shown good cause, the Court may consider "whether the default was willful, whether setting it aside would prejudice the adversary, and whether a meritorious defense is presented." *Pinson v. Equifax Credit Info. Servs., Inc.*, 316 Fed. App'x 744, 750 (10th Cir. 2009) (quoting *Dierschke v. O'Cheskey (In re Dierschke)*, 975 F.2d 181, 183 (5th Cir. 1992)).

The Court first notes that the White River Defendants filed this Motion a mere three business days after Defendant F&D filed its Motion for Entry of Default and one business day after the Clerk entered default against them. Thus, counsel for the White River

Defendants promptly took action to correct his error.  In addition, counsel for the White River Defendants provides a reasonable explanation for failing to take note of the deadline to answer Defendant F&D's crossclaims.  The Court also notes that Defendant F&D failed to confer with counsel for the White River Defendants before requesting entry of default, as required by D.C.COLO.LCivR 7.1A.  *See Motion* [#31] at 2-3; *see also Motion for Entry of Default* [#25] (failing to certify that Defendant F&D conferred with or attempted to confer with the White River Defendants before filing its motion).  Further, this litigation is in its early stages; a scheduling conference has not yet been held, and no party will be unduly prejudiced by setting aside the entry of default.  All things considered, therefore, the Court finds that, pursuant to Fed. R. Civ. P. 55(c), the White River Defendants have shown good cause to set aside the entry of default.  Accordingly,

IT IS HEREBY **ORDERED** that the Motion is **GRANTED**.  The default entered by the Clerk of Court on February 3, 2012 is **set aside** with respect to the White River Defendants.[1]

IT IS FURTHER **ORDERED** that the White River Defendants shall file an answer or otherwise respond to Defendant F&D's crossclaims no later than **February 17, 2012**.

IT IS FURTHER **ORDERED** that the Scheduling Conference set for February 13, 2012 at 11:00 a.m. is **VACATED** and **RESET** for **April 2, 2012** at **11:00 a.m.** in Courtroom C-204 of the Byron G. Rogers United States Courthouse, 1929 Stout Street, Denver, Colorado.

IT IS FURTHER **ORDERED** that the parties shall submit their proposed scheduling

---

[1] The entry of default as to Defendant S&S Joint Venture, entered simultaneously with the entry of default as to the White River Defendants, is not disturbed by this Order.

order pursuant to the District of Colorado Electronic Case Filing ("ECF") Procedures.  The parties shall submit the proposed scheduling order no later than **March 28, 2012**.

Dated:  February 7, 2012

BY THE COURT:

Kristen L.  Mix
United States Magistrate Judge